In the Interest of T.W.W., Jr., M.K.W., and C.J.W., Minor Children.

Appeal of C.O., Mother.

No. 89–242.

Court of Appeals of Iowa.

Oct. 5, 1989.

John W. Kocourek, Council Bluffs, for appellant mother.

Thomas J. Miller, Atty. Gen., Charles K. Phillips, Asst. Atty. Gen., and Martha Heinicke, Asst. County Atty., for appellee State.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

Appellant C.O., the mother of three children born in 1980, 1981, and 1982, appeals a trial court order terminating her parental rights. She contends there was not clear and convincing evidence to support the trial court's decision. She also contends the trial court should have granted her an opportunity for a new trial or to reopen the record to present more evidence. We determine the trial court should have allowed the record to be reopened to receive additional evidence. We order a limited remand.

The three children have been in the juvenile court system for a considerable period of time. They were found to be children in need of assistance as a result of serious inadequacies in the mother's child care and abuse they received from adult males who were present in the mother's home. During these periods the mother made various attempts to improve her parenting skills. The children were returned on occasion but the inconsistency of the mother's parenting skills resulted in the returns being unsuccessful. The mother's situation was made more difficult because she subsisted at the poverty level and allowed herself to become involved with a series of men who were abusive to her and her children. Meanwhile, her children, who had suffered as a result of her inadequate parenting skills, have spent time in a variety of foster homes and currently are children with behavioral problems and severe emotional scars.

The State places blame on the mother for these emotional scars, while the mother contends the children have manifested problems that resulted from foster care. Both sides are correct. The mother has not been an adequate parent. But when parents fail, the State frequently does not have the resources to provide adequate substitutes. Additionally, and very significantly, the child finds him or herself in a series of homes, which has a disastrous effect on children. A review of the case here and the problems these children have experienced because of multiple placements only supports recent studies that show greater efforts need be made to allow children to stay in their homes. *See* Edna McConnell Clark Found., *Keeping Families Together: The Case for Family Preservation* (1985).

The first issue we must address is whether the trial court should have granted appellant's motion for new trial, which was premised on her contention there was newly discovered evidence of her parenting ability. That evidence would show she has entered into a new marriage, and her cur-

rent husband has the ability and resources to enable her to adequately parent the children. Also, she has recently been diagnosed as suffering from Graves' disease, which was responsible for some of her problems in parenting her children.

We focus on the best interest of these children. Their age and the scars they suffer as a result of appellant's inadequate parenting and multiple, and at times unsatisfactory, foster placement make them children who may be difficult to place for adoption. Even if the children were adopted, the success of an adoption may be thwarted by a series of problems and the biological ties to their natural mother. *See* Beyer & Mlyniec, *Lifelines to Biological Parents: Their Effect on Termination of Parental Rights and Permanence*, 20 Fam. L.Q. 233, 237–39 (1986).

Appellant is now older and hopefully more mature. Information filed with her motion to reopen would indicate her current husband has excellent income and benefits, has adequate housing, has been a successful parent, and has expressed a desire to adopt appellant's children. These are factors not present in appellant's other relationships. The State, with justification, argues appellant mother has had a series of chances. We agree. We are very concerned about the length of time this case has taken and have no desire to extend the time it is in the system. We recognize any chance these children have for a successful adoptive placement is lessened the longer the children remain in the system. However, the information presented during the months between hearing and decision shows there may have been a substantial change in the mother's ability to care for these children.

We find the trial court should have granted the motion and considered the additional evidence. We retain jurisdiction but remand to the trial court for the limited purpose of enabling the trial court to take additional evidence as to the mother's current situation. After considering the additional evidence, the trial court shall then modify or affirm its order.

A copy of the transcript of additional evidence and the trial court's order shall be filed with the Clerk of the Supreme Court no later than six weeks following the filing of this decision. No further briefs shall be filed unless requested by this court.

REMANDED WITH INSTRUCTIONS.

SCHLEGEL, J., concurs.

DONIELSON, P.J., concurs in part and dissents in part.

DONIELSON, Presiding Judge (concurring in part and dissenting in part).

I concur with the majority's decision in all respects, except I would affirm on all issues.